IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **James M. Forbus, Jr.** | ) |
| | ) |
| | ) Case No. 22 CV 1724 |
| **Plaintiff,** | ) |
| vs. | ) **Honorable** |
| | ) **Designated as Magistrate Judge** |
| | ) **the Honorable** |
| | ) |
| CF Remodeling, LLC., | ) |
| **and** | ) |
| Christopher A Fuller, | ) |
| **Individually pursuant to** | ) |
| **FLSA, IMWL and IWPCA** | ) |
| **As an Employer** | ) |
| | ) |
| **Defendants.** | )JURY TRIAL DEMANDED |
| | ) |

## COMPLAINT

NOW COMES before this Honorable court, Plaintiff, **James M. Forbus, Jr.,** ("Plaintiff"), by his attorney THE LAW OFFICE OF JOHN IRELAND, for his Complaint against the Defendant CF Remodeling, LLC., (hereinafter referred to as "CF") and Individual Defendant Christopher A. Fuller, individually, as an Employer pursuant to the FLSA, IMWL and IWPCA**,** and alleges as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendants' violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq..  as well as the Illinois Wage Payment and Collection Act.

2. Plaintiff was employed by the Defendants as a laborer.

3. Plaintiff asserts that he was not paid sufficient wages to pay Plaintiff the minimum wage and/or overtime wages as required pursuant to the FLSA and/or IMWL; thus he is owed minimum and overtime wages.

4. Plaintiff worked hundreds of hours of overtime each year for each year Plaintiff worked for Defendants, Plaintiff was paid straight time wages for overtime hours and/or was paid no wages for some of those overtime hours.

5. Upon information and belief, Defendant CF Remodeling, LLC., (hereinafter referred to as "CF") is a construction, remodeling and handyman services corporation with its operations in Cottage Hills, Illinois (located near St. Louis Missouri; but in the state of Illinois)

6. Christopher A. Fuller is an employer under the FLSA, IMWL, and IWPCA based on his role as President of the Defendant corporation, in that he had day-to-day control over all the company's operations including hiring and firing of employees, scheduling, and compensation of the employees including the Plaintiff. He was aware and knowledgeable of the hours Plaintiff was working, and that Plaintiff was not paid minimum wages and overtime wages.

**JURISDICTION AND VENUE**

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367.  The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

8. Defendant's operations exceed sales of $500,000.00.

9. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

10. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

11. Here Plaintiff used numerous items that moved in interstate commerce.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

13. Plaintiff also pleads individual FLSA Jurisdiction as he handled and used items that transported in commerce including fuel, oil, grease, machinery, hand tools and supplies for construction (including lumber, nails, screws, stones and soil).

**GENERAL ALLEGATIONS**

14. This lawsuit arises out of Defendants' practice of knowingly and willfully failing to pay minimum wages and overtime wages.

15. At all times relevant, Defendants classified Plaintiff as a non-exempt employee of the Defendants.

16. Plaintiff's non-exempt status is demonstrated by his receiving different amounts of wages for different amounts of hours of work. Plaintiff work hours varied each week and Plaintiff's wages likewise varied from week to week.

17. Plaintiff was employed by the Defendants for four and a half years, ending in June of 2022.

18. Plaintiff pleads his claims as follows:

    a. Under the FLSA for two years from filing to this Complaint
    b. Under the FLSA for three years as Defendants actions were willful.
    c. Under the IWML for three years as permitted by statute.
    d. Under the IWPCA for the whole of his employment with Defendants

19. At all times relevant, CF was an employer, as defined by the FLSA and Illinois law.

20. Defendant CF is engaged in interstate commerce as that term is used in the FLSA.

21. Defendant also qualifies under the IMWL as it employs more than four employees; employing between 7-8 employees at any one time.

22. Plaintiff worked for Defendants as a construction worker and or construction foreman; though he was paid and classified as an hourly employee at all times.

23. In winter time Plaintiff continued to work for Defendants doing snow removal, snow plowing, maintenance and preparation of the vehicles for further snow removal.

24. Plaintiff was paid for his overtime work hours in cash, but paid at straight time wages.

25. Plaintiff was also not paid for all his overtime hours, often being shorted some or all of his overtime wages.

26. Some District Judge's require a specific overtime/minimum wage violation allegation, including a specific date, amount of hours, amount of wages paid, and estimate of owed wages, for this requirement, Plaintiff pleads the following specific allegation, however Plaintiff is NOT limiting his claims to only this specific allegation. This is provided as single example, and Plaintiff is not limiting his claims by this allegation, and brings claims for all periods to which he has a claim.

27. Plaintiff alleges that in the week of May 21, 2022 Plaintiff worked Monday through Friday and worked 60.25 hours.

28. Thus for this example week of 5/21/22 Plaintiff worked approximately 60.25 work hours. For this week of work Plaintiff received just cash payment of 20.25 hours multiplied by his straight time rate of $20.00 per hour.

29. In another week, Plaintiff worked 76 hours and was paid a mere $200 for overtime, shorting Plaintiff approximately $880.00.

30. This second example week where Plaintiff worked 76 hours, he was paid a total of 40 hours x $20 per hour ($800), and $200 for overtime hours, for a total payment of $1000.00.

31. The payment of $1,000 dollars for payment for 76 hours equaled a payment of just $13.15 per hour, which is a violation of the parties IWCPA agreement to pay Plaintiff $20.00 per hour.

32. Plaintiff and Defendants agreed that Plaintiff's hourly rate was $20.00 per hour, yet Defendants paid Plaintiff, in this one example, only $13.15 per hour in violation of that IWPCA agreement to pay $20.00 per hour.

33. The above does not include the following remedies, liquidated damages, treble damages, 5% IMWL penalties, pre-judgement interest, fees, and costs.

34. Defendants records also lack full record keeping in violation of the IDOL regulations.\

35. The IDOL regulations for records require the following:

**Section 210.700  Contents of Records**

The following basic information must be contained in the records of the employers:

    h)    Basis on which wages are paid;

    i)    Additions and deductions from employee's wages for each pay period and an explanation of additions and deductions;

    j)    Type of payment (hourly rate, salary, commission, etc.), straight time and overtime pay and total wages paid each pay period; and

36. Defendants failed to maintain records for all these required elements.

  DEDUCTION CLAIM

37. Plaintiff also brings an IWPCA/FLSA/IMWL deduction claim against Defendants

38. Defendants deducted from Plaintiff's wages monies for child support, in the amount of $71.45 per week.

39. Defendants however did not pay these funds to the proper agency, rather Defendants retained these funds, and thereby made an unconsented deduction from Plaintiff's wages in violation of the deduction regulations/rules for the IWPCA/FLSA and IMWL

**Income Withholding for Support Act (Act) (750 ILCS 28/1 *et seq.* (West 2014))**

40. Plaintiff also presents a claim pursuit to the Income Withholding for Support Act (Act) (750 ILCS 28/1 *et seq.* (West 2014)).

41. As described above Defendants retained deducted wages and did not pay the proper agency those child care support payments.

42. Section 35(a) of the Act imposes a $100-per-day penalty on an employer who knowingly fails to withhold income of an employee in the amount of the income withholding notice served under the Act. ¶ 4

43. Plaintiff brings a claim for the funds retained and for the applicable penalties.

## COUNT I
## FAILURE TO PAY OVERTIME AND MINIMUM WAGES UNDER THE FLSA

44. Plaintiff re-alleges and incorporates by reference all the above allegations.

45. Under the FLSA, the Plaintiff was entitled to be paid overtime for all hours worked over 40 in a given work week and minimum wage for all hours worked.

46. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

47. Defendants failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

48. Defendants' violation of the FLSA for failure to pay the Plaintiff overtime wages was willful and deliberate.

49. Upon information and belief, Defendants practices as described above were not approved in writing by the United States Department of Labor.

50. Upon information and belief, Defendants practices were not based upon Defendants review of any policy or publication of the United States Department of Labor.

51. Due to Defendants' violation of the FLSA, the Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINOIS MINIMUM WAGE ACT

52. Plaintiff repeats and re-alleges the above paragraphs.

53. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

54. Defendants failed to pay the Plaintiff for overtime hours worked.

55. The foregoing actions of Defendants constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*  Defendants actions were willful and not in good faith.

56. Defendants are liable to the Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a.   Award all actual damages suffered by the Plaintiff;

b.   Enter an order declaring that Defendants willfully violated the overtime provisions of the FLSA and the IMWA;

c.   Award the Plaintiff damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied him by Defendants actions;

d.   Award the Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

e.   Award the Plaintiff punitive damages;

f.   Award the Plaintiff prejudgment interest pursuant to the IMWA;

g.   Award the Plaintiff post-judgment interest;

h.   Award the Plaintiff reasonable attorneys' fees as well as the costs of this action;

i.   Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## COUNT III

## IWPCA

57. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

58. At all relevant times, Defendants were Plaintiff's "employers" as defined by the IWPCA.

59. The IWPCA requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. The IWPCA also requires employers to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

60. The IWPCA further provides that any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim fil5ed with the Department of Labor or a civil action, but not both, the amount of such underpayments and damages of 2% of the amount of such underpayment for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

61. Defendants formed a valid and enforceable agreement in which Defendants agreed to compensate Plaintiff for all work at a rate of pay of $20.00 per hour.

62. Defendants failed to pay Plaintiff all worked and reported work hours and or failed to pay at the agreed rate of pay of $20.00 per hour.

63. Defendants' failure to compensate Plaintiff for all worked and reported work hours per the Parties' agreement is in violation of the IWPCA.

64. Plaintiff is also entitled to additional damages under the IWPCA because Defendants have knowingly and willfully refused to pay wages and/or final compensation which is due and owing to Plaintiff.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer lost wages and other damages.

66. Plaintiff also makes a claim for Defendants' unlawful deductions for child care support, which Defendants retained. Such wage deductions are not consented to, for the purpose of enriching Defendants.

WHEREFORE, Plaintiff prays for an order:

    A.    Declaring that Defendants violated provisions of the IWPCA;

    B.    Awarding lost wages and/or final compensation for unpaid earned commissions;

    C.    Awarding 2% monthly interest of the damages amount for each month that Defendant has failed to pay;

    D.    Ordering that if the Defendants do not pay the damages ordered to be paid within fifteen (15) days of the final order that an additional statutory penalty in the amount of 1% per day of the total amount owed shall accrue and be additionally due and owing to Plaintiff;

    E.    Awarding compensatory and punitive damages in an appropriate amount in excess of $150,000;

    F.    All costs and attorney's fees incurred in this claim;

    G.    Awarding prejudgment interest; and

    H.    For such further relief as the Court deems just and equitable.

**COUNT IV**

**Income Withholding for Support Act (Act) (750 ILCS 28/1 *et seq.* (West 2014)).**

67. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

68. Plaintiff also presents a claim pursuit to the Income Withholding for Support Act (Act) (750 ILCS 28/1 *et seq.* (West 2014)).

69. As described above Defendants retained deducted wages and did not pay the proper agency those child care support payments.

70. Section 35(a) of the Act imposes a $100-per-day penalty on an employer who knowingly fails to withhold income of an employee in the amount of the income withholding notice served under the Act. ¶ 4

71. Plaintiff brings a claim for the funds retained and for the applicable penalties and all other relief available under this act.

JURY TRIAL DEMANDED

Dated: August 1, 2022                    Respectfully submitted,

                                                              ____/S/John C. Ireland

                                                              John Ireland
                                                              Lead Counsel
                                                              THE LAW OFFICE OF JOHN C. IRELAND
                                                              636 Spruce Street
                                                              South Elgin, IL 60177
                                                              Telephone: (630) 464-9675
                                                              Facsimile 630-206-0889
                                                              attorneyireland@gmail.com