IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES M. FORBUS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-1724-RJD |
| | ) | |
| CF REMODELING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Seal (Doc. 46).  For the reasons set forth below, the motion is DENIED without prejudice.

Plaintiff originally filed this civil action in August 2022, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 *et seq.*, and the Illinois Wage Payment and Collection Act.  (Doc. 1).  Following successful mediation, in May 2023, the parties filed a joint motion to dismiss the case without prejudice with the Court's retention of jurisdiction over the enforcement of their settlement agreement (the "Settlement Agreement").  (Doc. 25).  The Court denied without prejudice the joint motion because the parties had failed to either set forth the terms of the Settlement Agreement they wished to incorporate in the Court's dismissal or provide a date certain on which the case would be treated as dismissed with prejudice, which are prerequisites for the Court's exercise of ancillary jurisdiction over a settlement agreement following the dismissal of a case without prejudice.  (Doc. 26).  Subsequently, the parties filed a stipulation of dismissal in which they specified a date certain on which the case would be treated as dismissed.  (Doc. 27).  The parties clarified in their stipulation that they did not intend to incorporate any terms of the Settlement Agreement in the

1

order of dismissal due to a confidentiality provision included therein.  (*Id.*).  The Court directed the parties to file the Settlement Agreement under seal for the Court's review and thereafter entered an order dismissing this case without prejudice.  (Doc. 39).  The Court retained jurisdiction over the Settlement Agreement with dismissal with prejudice to be entered if a motion to reinstate was not filed by either party prior to November 6, 2024.  (*Id.*).

On October 6, 2023, Plaintiff filed a Motion to Reinstate and/or Enforce Settlement Terms/Agreement and for Fees Related to Enforcement, in which he alleged that Defendants breached the Settlement Agreement by failing to remit payments in accordance with the schedule incorporated therein.  (Doc. 41).   Thereafter, Defendants filed a Cross-Motion to Enforce and to Seal and Response to Plaintiff's Motion to Reinstate.  (Doc. 42).  In their cross-motion, Defendants asked, *inter alia*, that Plaintiff's motion to enforce be sealed pursuant to Paragraph 8 of the Settlement Agreement, which provides that any discussion or introduction of its terms in court proceedings, such as Plaintiff's Motion to Reinstate, should be filed under seal.  (*Id.*).  Notably, Defendants did not file their cross-motion under seal even though they discussed certain terms of the Settlement Agreement therein.  (Doc. 42 at 1-2).   Following Defendant's cross-motion, the Court ordered that Plaintiff's motion to enforce be sealed for good cause.  (Doc. 43).  While the Court's ruling on the parties' cross-motions was still pending, Plaintiff filed his Second Motion to Enforce.  (Doc. 44).  The Defendants then filed their response as well as a second motion to seal, in which they requested that the Court extend its prior order sealing Plaintiff's first motion to enforce the Settlement Agreement to all subsequent filings.  (Docs. 45 and 46).  Plaintiff filed a reply in support of his motions to enforce in which he did not address Defendants' motion to seal. None of those documents were filed under seal.

Motions to seal a part or the whole record in a case are disfavored due to the social interest in the publicity of the judicial activity. *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Junker v. Mascoutah Cmty. Sch. Dist. 19 Bd. of Educ.*, 3:22-CV-1962-DWD, 2023 WL 6444027, at *2–3 (S.D. Ill. Oct. 3, 2023); *Wilkins v. Overall*, 16-CV-01324-SPM, 2021 WL 824954, at *1 (S.D. Ill. Mar. 4, 2021). There is a presumption that documents affecting the disposition of federal litigation must be open to the public. *Id.* at 419-20; *Junker*, 3:22-CV-1962-DWD, 2023 WL 6444027, at *2–3. "This presumption supports public confidence in the judiciary by enabling oversight and facilitating the understanding of judicial decisions." *Wilkins*, 16-CV-01324-SPM, 2021 WL 824954, at *1 (citing *Gonzales v. Home Nursery Inc.*, No. 14-cv-1140, 2016 WL 6705447, *1 (S.D. Ill. Sept. 22, 2016)); *see also Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

The presumption, however, can be rebutted if the movant demonstrates a good cause for the sealing, such as the need for protection of trade secrets, national security, and "other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (abrogated on other grounds by *RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016)); *Wilkins*, 16-CV-01324-SPM, 2021 WL 824954, at *1 (citation omitted). Nonetheless, even in those cases, courts may opt for a less restrictive means of protecting confidential information by redacting the documents at issue instead of sealing them from the public. *Wilkins*, 16-CV-01324-SPM, 2021 WL 824954, at *1 (citing *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020)).

As it pertains to settlement agreements, those that have been reached without the court's approval are typically not treated as part of the judicial record, and the presumption of public access rarely applies to them. *See Goesel*, 738 F.3d at 833 (citation omitted); *Junker*, 3:22-CV-

1962-DWD, 2023 WL 6444027, at *2–3.  However, the presumption of public access does apply

to settlement agreements "when judicial approval of the[ir] terms is required, or they become an

issue in a subsequent lawsuit, *or the settlement is sought to be enforced.*"  *Id.* (emphasis added)

(citation omitted).  In those cases, a confidentiality term in the settlement agreement or the

litigant's agreement to seal certain documents from the public record does not bind the court.  *See*

*Goesel*, 738 F.3d at 835; *Junker*, 3:22-CV-1962-DWD, 2023 WL 6444027, at *2–3 (citing *GEA*

*Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014)); *Gonzales*, No. 14-cv-1140,

2016 WL 6705447 at *1 ( "[t]he mere fact that the parties agreed to keep matters mum can't alone

override the interest of the public—that kind of hole would render the right to public documents a

dead letter").

Here, the Court finds Defendants have failed to show good cause for the sealing of any

filings related to the enforcement of the Settlement Agreement.  The only basis Defendants

provided to the Court in support of their motion to seal is the existence of a confidentiality term in

the settlement agreement between the parties.  As the above authorities make clear, this basis alone

is insufficient to rebut the presumption of the public's access in these judicial proceedings, namely

in the Court's decision on the enforcement of the settlement agreement.  Unlike the Court's prior

ruling allowing the Settlement Agreement to be filed under seal prior to dismissal of the case, now

that the enforcement of the agreement is for adjudication before the Court, the presumption of the

public's access to the record is controlling.  And while the Court allowed Plaintiff's first motion

to enforce to be sealed despite Defendant's mere reliance on the parties' confidentiality agreement,

the subsequent filings have made clear that the terms of the Settlement Agreement are essential to

the disposition of this current dispute.  Accordingly, in the absence of a showing of good cause to

seal the filings relating to the enforcement of the Settlement Agreement,  the Defendants' Motion

to Seal (Doc. 46) is **DENIED without prejudice**.

      **IT IS SO ORDERED.**

      **DATED:  April 11, 2024**

                                    *s/ Reona J. Daly*

                                      **Hon. Reona J. Daly**
                                      **United States Magistrate Judge**