IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. FORBUS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-1724-RJD |
| ) | |
| CF REMODELING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Enforce (Doc. 41), Second Motion to Enforce (Doc. 44), and Second Motion to Substitute Party (Doc. 59). It also comes before the Court on Defendants' Cross-Motion to Enforce (Doc. 42). For the reasons set forth below, all motions are **DENIED without prejudice**.

## Background

Plaintiff James M. Forbus, Jr. filed this civil action in August 2022, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.* (Doc. 1). Following successful mediation in May 2023, the parties reached a settlement agreement ("Settlement Agreement"). (*See* Doc. 39). Thereafter, the parties filed a joint motion for dismissal without prejudice, asking that the Court retain jurisdiction over the enforcement of the Settlement Agreement. (*Id.*) The Court entered an order dismissing this case without prejudice, while retaining jurisdiction over the Settlement Agreement with dismissal with prejudice to be entered if a motion to reinstate was not filed by either party prior to November 6, 2024. (*Id.*). On October 6, 2023, Plaintiff filed a Motion to Reinstate and/or Enforce

1

Settlement Terms/Agreement and for Fees Related to Enforcement, in which he alleged that Defendants breached the Settlement Agreement by failing to remit payments in accordance with the schedule incorporated therein.  (Doc. 41).   Thereafter, Defendants filed a Cross-Motion to Enforce and to Seal and Response to Plaintiff's Motion to Reinstate.  (Doc. 42).  While the Court's ruling on the parties' cross-motions was still pending, Plaintiff filed his Second Motion to Enforce.  (Doc. 44).  All pending motions were set for an evidentiary hearing on April 22, 2024.  (Doc. 49).

On April 17, 2024, Defendants filed a consented Suggestion of Death and Motion to Continue advising the Court that Plaintiff passed away on April 15, 2024, and seeking continuance of the evidentiary hearing.  (Doc. 52).   The Court entered an order continuing the evidentiary hearing and further advising the parties as to the proper procedure for substitution of a decedent party under Federal Rule of Civil Procedure 25(a).  (Doc. 53).  Thereafter, Plaintiff's counsel filed a First Motion to Substitute Party seeking that James Forbus, Sr., (father of the late James Forbus, Jr.) be substituted as Plaintiff pursuant to Rule 25.  (Doc. 54).  Defendants filed a response opposing substitution because no probate case had been opened for James Forbus, Jr. and because James Forbus, Sr. had not been appointed as representative of James Forbus, Jr.'s estate in any court of law and had not asserted any legal relationship other than kinship.  (Doc. 55).  Plaintiff withdrew its First Motion to Substitute Party and filed a Second Motion to Substitute Party advising the Court that A.M. of Steelville Mo., was Forbus's minor son, and asking that A.M.'s mother, Ammie Brooks, in her capacity as A.M.'s agent be named as successor in interest of Forbus's claims under the FLSA and be substituted as the Plaintiff.  (Doc. 59).  Defendants filed a response opposing the substitution on the same grounds they raised in opposition to Plaintiff's First Motion for Substitution of Party.  (Doc. 60).

**Discussion**

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. FED. R. CIV. P. 25(a). A motion for substitution may be made by any party or by the decedent's successor or representative. *Id.* If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *Id.* "Rule 25 is purely procedural"; it "describes the *manner* in which parties are to be substituted in federal court." *Cole v. City of Chicago*, No. 06 C 4704, 2009 WL 10737897, at *4–5 (N.D. Ill. Jan. 20, 2009) (citing *Robertson v. Wegman*, 436 U.S. 584, 587 n.3. (1978) (emphasis in original)).

Here, Plaintiff states in his motion for substitution that he is proceeding on an FLSA claim and cites supporting case law suggesting that said claim survives death. (Doc. 59 at 3). Defendants' response does not touch on that issue. The Court will assume, without concluding, that Forbus's claims against Defendants have not been extinguished.[1] That leaves the Court with

---

[1] The Court notes that while Plaintiff's original complaint raised claims under the FLSA, IMWA, and IWPCA, those claims were settled and released pursuant to the Settlement Agreement. (Doc. 29 at 4). Even though Plaintiff timely filed a motion titled "Motion to Reinstate and/or Enforce Settlement Terms/Agreement and for Fees Related to Enforcement," Plaintiff only sought enforcement of the Settlement Agreement and damages for Defendants' alleged breach; he did not seek revival of the original claims or otherwise indicate Plaintiff's intent to repudiate the Settlement Agreement. Accordingly, it appears that the claim Plaintiff was proceeding on at the time of his death was a claim for breach of the Settlement Agreement. The Settlement Agreement appears to be silent on the issue of survivability. However, under Illinois common law, contract actions survive the death of either party. *Parkway Bank & Tr. Co. v. LeVine*, 45 Ill. App. 3d 497, 499, 359 N.E.2d 882, 884 (1977) (citing *Butterman v. Chamales* (1966), 73 Ill.App.2d 399, 402, 220 N.E.2d 81)).

3

the decision of whether Plaintiff's minor son, represented by his mother, is a proper party for purposes of substitution under Rule 25.

Although a motion for substitution may be made by "any party," the court may only order substitution of "the proper party." *Id.* (quoting FED. R. CIV. P. 25(a)). Under the Seventh Circuit's jurisprudence, the proper party for substitution under Rule 25 is "'ordinarily the personal representative of the party who has died.'" *Atkins v. City of Chicago*, 547 F. 3d 869, 870 (7th Cir. 2008). As a general principle, substitution is proper to an individual who can adequately represent the interests of the deceased party and "has the legal right and authority to pursue the claims brought by the deceased party or to defend claims brought against the deceased party." *Cole*, No. 06 C 4704, 2009 WL 10737897 at *5 citing (Jerry E. Smith, *Moore's Fed. Prac.*, vol. 6, § 25.12 (Matthew Bender 2008); *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Many jurisdictions, including the Seventh Circuit, have found that "a distributee of an estate can be the proper party if the estate has been distributed at the time that the motion for substitution is made." *Id.* (citing *Taylor v. Bob O'Connor Ford, Inc.*, No. 97 C 0720, 2000 WL 876920, at *6 (N.D. Ill. June 29, 2000)*; *Sinito*, 176 F.3d at 516; *Hardy v. Kaszycki & Sons Contrs., Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993); *Ashley v. Ill. C. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983); *Atkins*, 547 F. 2d at 872). At the same time, courts in this circuit have repeatedly held that "where there is no legal relationship besides kinship between the party to be substituted and the deceased," substitution under Rule 25 is improper. *Id.* (citing *Taylor*, 2000 WL 876920 at *6 (finding that

4

denial of substitution was proper where no estate had been opened and no "personal representative" appointed, and stating that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them")); see also *Roberson v. Wood*, 500 F. Supp. 854, 859 (S.D. Ill. 1980) (denying motions to substitute filed by relatives of each of the deceased plaintiffs because they were neither executors nor administrators of the respective estates and the only legal relationship between them and the deceased plaintiffs was kinship); *Knox v. Jeffreys*, No. 21-CV-00483-SPM, 2022 WL 3999806, at *2 (S.D. Ill. Sept. 1, 2022) (holding that sister of the deceased defendant was not a proper successor because no other relationship was established other than kinship).

Here, Forbus's counsel filed a motion for substitution stating that A.M. is Forbus's son, and that counsel has been retained by A.M.'s mother, Ammie Brooks, to pursue his interests. (Doc. 59 at 3). The motion asks that Ammie Brooks, in her capacity as A.M.'s agent, be named a successor in interest of Forbus's claims under the FLSA and be substituted as Plaintiff. (*Id.*). The motion does not clarify whether Plaintiff died intestate, whether an estate has been opened, or whether an estate representative has been appointed. It further does not suggest whether A.M. is Forbus's sole heir or beneficiary of his estate or whether the assets of Forbus's estate have already been distributed. Moreover, the motion fails to provide any facts demonstrating that Ammie Brooks, in her capacity as A. M.'s agent, is an adequate representative of the deceased Plaintiff's interests or that she has the legal right and authority to pursue Forbus's claims in the action. The

motion does address how Ammie Brooks could be deemed a "successor" for purposes of Rule 25 in light of the Seventh Circuit's jurisprudence repeatedly holding that kinship between the substituting and the deceased party, in and on itself, is insufficient to prevail on a Rule 25 motion. As Defendants pointed out in their response, the motion for substitution cites case law allowing substitution of the decedent's relatives, where the estate has already been fully distributed so that the parties may avoid re-opening the probate estate. (See Doc. 58 at 4). However, there is no allegation, let alone evidence, that the distribution of Forbus's estate has taken place and that A.M. was the distributee. Based on the record before the Court, the substitution of Ammie Brooks, in her capacity as an agent of her minor son A.M., is not proper under Rule 25(a). Accordingly, Plaintiff's Second Motion for Substitution (Doc. 59) is **DENIED without prejudice.**

The Court further notes that while more than 90 days have passed since Defendants filed the Suggestion of Death, the Court has not been notified of whether proper service in accordance with Rule 25(a)(3) has been effectuated. Unless obviously interested nonparties have been properly served with the suggestion of death, the 90-day clock for substitution does not start running. *Atkins*, 547 F.3d at 873. While Rule 25 does not state who has the obligation to serve the suggestion of death, case law suggests that the burden lies on the party filing the suggestion in the first place. *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) ("It is true that *George v. United States,* 208 F.R.D. 29, 32 (D.Conn.2001), holds that if the suggestion of death is filed by the opposing party, *that party* is not required to serve a successor or representative *if he*

6

*doesn't know who that is . . .").*  The Court reads *Atkins* to stand for the proposition that the party filing the suggestion of death has the obligation to serve it to all known interested parties. *Id.* An exception under *George v. United States*, 208 F.R.D. 29, 32 (D.Conn.2001), may be recognized when the suggestion of death is filed by the decedent's opposing party and that party is unaware of the identity of a successor or representative, in which case the 90–day period may start to run from the filing of the suggestion. *Id.* (citing *George*, 208 F.R.D. at 32). Under such a scenario, "the other side can protect itself by telling the moving party who the successor or representative is, and if necessary filing a motion for an extension of time for filing a motion to substitute that person for the decedent." *Id.*

Here, the Suggestion of Death was filed by the Defendants, and so it is their duty to proceed with proper service under Rule 25(a)(3). While Defendants may not be aware of any executor or representative of Plaintiff's estate, they are aware of other interested individuals, including the late Plaintiff's son, A.M, and father, James Forbus, Sr. To avoid dismissal under the *George* exception, Plaintiff's counsel shall promptly notify Defendants of any executor or representative or other known interested parties. Defendants shall then supplement the Suggestion of Death and serve it upon all known interested parties. Defendants are **DIRECTED** to file a Status Report **by August 19, 2024**.

**Plaintiff's Motion to Enforce (Doc. 41), Second Motion to Enforce (Doc. 44), & Defendants' Cross-Motion to Enforce (Doc. 42).**

Plaintiff's Motion to Enforce (Doc. 41), Defendants' Cross-Motion to Enforce (Doc. 42), and Plaintiff's Second Motion to Enforce (Doc. 44) were filed prior to Plaintiff's death. The crux of the dispute between the parties that led to the filing of the motions to enforce derives from Facebook posts Forbus made prior to his death, which Defendants argue violated the Settlement Agreement's confidentiality and non-disparagement provisions. (Doc. 42 at 2-3). Defendants contended that due to Forbus's breach of the Settlement Agreement, they were entitled to withhold the scheduled settlement payments. (*Id.*) Forbus, on the other hand, maintained that the alleged posts did not violate the Settlement Agreement, and that Defendants were the ones breaching the Settlement Agreement in the first place by impermissibly withholding the settlement payments. (See Docs. 41, 44, and 47).

The cross-motions to enforce have now been pending for over seven months. The issue of substitution is contested, and the parties have been unable to resolve it in over ninety days since the filing of the Suggestion of Death. Assuming that a proper party is substituted as Plaintiff, the Court envisions that, as an implication of Forbus's death, the parties will encounter several evidentiary hurdles in carrying their burden of proof on their respective motions to enforce. Further, after substitution, the parties will have to reevaluate their position in the case, especially in light of the aforementioned evidentiary implications. For these reasons, the Court finds it appropriate to deny without prejudice all pending cross-motions to enforce the Settlement Agreement. The parties are free to renew their motions once the issue of substitution has been resolved and their respective positions have been reevaluated. Accordingly, Plaintiff's Motion to Enforce (Doc. 41), Defendants' Cross-Motion to Enforce (Doc. 42), and Plaintiff's Second Motion to Enforce (Doc. 44) are **DENIED without prejudice.**

**Conclusion**

For the reasons set forth above, Plaintiff's Motion to Substitute Party (Doc. 59) is **DENIED without prejudice**. Defendants are **DIRECTED** to provide a Status Report as to the service of the Suggestion of Death by **August 19, 2024**. Plaintiff's Motion to Enforce (Doc. 41), Second Motion to Enforce (Doc. 44), and Defendants' Cross-Motion to Enforce (Doc. 42) are **DENIED without prejudice**. The parties may renew their respective motions after the resolution of the issue of the deceased Plaintiff's substitution.

**IT IS SO ORDERED.**

**DATED:  July 22, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**