IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES M. FORBUS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-1724-RJD |
| ) | |
| CF REMODELING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Third Motion to Substitute Party (Doc. 64) and Defendants' Motion to Dismiss (Doc. 65). For the reasons set forth below, Plaintiff's motion is **DENIED,** and Defendants' motion is **GRANTED**.

**Background**

Plaintiff James M. Forbus, Jr. filed this civil action in August 2022, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.* (Doc. 1). Following successful mediation in May 2023, the parties reached a settlement agreement ("Settlement Agreement"). (*See* Doc. 39). Thereafter, the parties filed a joint motion for dismissal without prejudice, asking that the Court retain jurisdiction over the enforcement of the Settlement Agreement. (*Id.*) The Court entered an order dismissing this case without prejudice, while retaining jurisdiction over the Settlement Agreement with

---

[1] This case has been assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 10).

dismissal with prejudice to be entered if a motion to reinstate was not filed by either party prior to November 6, 2024.  (*Id.*).

In October 2023, the parties filed cross-motions for reinstatement of the case and enforcement of the Settlement Agreement, accusing the other party of a breach.  (Docs. 41, 42, & 44).  All pending motions were set for an evidentiary hearing on April 22, 2024.  (Doc. 49).  On April 17, 2024, Defendants filed a consented Suggestion of Death and Motion to Continue advising the Court that Plaintiff passed away on April 15, 2024, and seeking continuance of the evidentiary hearing.  (Doc. 52).  The Court entered an order continuing the evidentiary hearing and further advising the parties as to the proper procedure for substitution of a decedent party under Federal Rule of Civil Procedure 25(a).  (Doc. 53).

On May 1, 2024, Plaintiff's counsel filed a First Motion to Substitute Party seeking that James Forbus, Sr., (father of the late James Forbus, Jr.) be substituted as Plaintiff.  (Doc. 54).  Defendants opposed substitution because no probate case had been opened for James Forbus, Jr., and because James Forbus, Sr. had not been appointed as representative of James Forbus, Jr.'s estate in any court of law and had not asserted any legal relationship other than kinship.  (Doc. 55).  Plaintiff withdrew the First Motion to Substitute Party and filed a Second Motion to Substitute Party advising the Court that A.M. of Steelville Mo., was Forbus' minor son, and asking that A.M.'s mother, Ammie Brooks, in her capacity as A.M.'s agent be named as successor in interest of Forbus' claims under the FLSA and be substituted as the Plaintiff.  (Doc. 59).  Defendants filed a response opposing the substitution on the same grounds they raised in opposition to Plaintiff's First Motion to Substitute Party.  (Doc. 60).

On July 22, 2024, the Court entered an Order denying without prejudice Plaintiff's Second Motion to Substitute Party.  (Doc. 61).  The Court found that Brooks, in her capacity as A.M.'s

2

agent, was not a "proper party" for substitution where no probate case had been opened for the late Plaintiff's estate, no "personal representative" was appointed, and the only basis for substitution was the kinship between A.M and the late Plaintiff.  (Doc. 61).  Further, the Court directed Plaintiff's counsel to notify Defendants of any executor or representative or other known interested parties and Defendants to then supplement the Suggestion of Death, serve it upon all known interested parties in accordance with Federal Rules of Civil Procedure 25, and provide a status report by August 19, 2024.  (Doc. 61).

On August 16, 2024, Defendants filed a Supplemental Suggestion of Death along with proof of its personal service to Brooks on that same day.  (Docs. 62 & 63).  Defendants clarified that Plaintiff's counsel did not provide them with information as to any interested parties, that upon information and belief, Plaintiff's father had also passed away, and that they were not aware of any other interested parties besides Brooks and A.M. (Doc. 62, p. 1).

On November 15, 2024, Plaintiff's counsel filed the Third Motion to Substitute Party, asking for Brooks' substitution as a plaintiff in this case in her capacity as A.M.'s agent.  (Doc. 64).  On the same day, Defendants filed a Motion to Dismiss this case because Plaintiff's Third Motion to Substitute Party was filed beyond the 90-day deadline from the service of the Suggestion of Death set forth under Rule 25.  (Doc. 65).  Defendants further argued that dismissal was appropriate because, following the Court's denial without prejudice of the cross-motions to enforce the Settlement Agreement, the Court lacked subject matter jurisdiction.  (Doc. 65).  Plaintiffs filed a response to which Defendants replied.  (Docs. 66 & 67).

## Discussion

If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  FED. R. CIV. P. 25(a).  A motion for substitution may be made by any party or by the

3

decedent's successor or representative. *Id.* If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *Id.*

Although a motion for substitution may be made by "any party," the court may only order substitution of "the proper party." *Id.* (quoting FED. R. CIV. P. 25(a). Under the Seventh Circuit's jurisprudence, the proper party for substitution under Rule 25 is "ordinarily the personal representative of the party who has died." *Atkins v. City of Chicago*, 547 F. 3d 869, 870 (7th Cir. 2008). As a general principle, substitution is proper to an individual who can adequately represent the interests of the deceased party and "has the legal right and authority to pursue the claims brought by the deceased party or to defend claims brought against the deceased party." *Cole v. City of Chicago*, No. 06 C 4704, 2009 WL 10737897, at *5 (N.D. Ill. Jan. 20, 2009) (citing Jerry E. Smith, *Moore's Fed. Prac.*, vol. 6, § 25.12 (Matthew Bender 2008); *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Many jurisdictions, including the Seventh Circuit, have found that "a distributee of an estate can be the proper party if the estate has been distributed at the time that the motion for substitution is made." *Id.* (citing *Taylor v. Bob O'Connor Ford, Inc.*, No. 97 C 0720, 2000 WL 876920, at *6 (N.D. Ill. June 29, 2000*); *Sinito*, 176 F.3d at 516; *Hardy v. Kaszycki & Sons Contrs., Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993); *Ashley v. Ill. C. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983); *Atkins*, 547 F. 2d at 872). At the same time, courts in this circuit have repeatedly held that "where there is no legal relationship besides kinship between the party to be substituted and the deceased," substitution under Rule 25 is improper. *Id.* (citing *Taylor*, 2000 WL 876920 at *6 (finding that denial of substitution was proper where no estate had been opened and no "personal representative" appointed, and stating that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them")); *see also Roberson v.*

4

*Wood*, 500 F. Supp. 854, 859 (S.D. Ill. 1980) (denying motions to substitute filed by relatives of each of the deceased plaintiffs because they were neither executors nor administrators of the respective estates and the only legal relationship between them and the deceased plaintiffs was kinship); *Knox v. Jeffreys*, No. 21-CV-00483-SPM, 2022 WL 3999806, at *2 (S.D. Ill. Sept. 1, 2022) (holding that sister of the deceased defendant was not a proper successor because no other relationship was established other than kinship).

*Jurisdictional Challenge*

As a preliminary matter, the Court needs to address Defendants' challenge as to the Court's lack of jurisdiction following the denial of the parties' cross-motions to compel enforcement of the Settlement Agreement. This case was dismissed without prejudice on September 7, 2023, upon the parties' Joint Motion for Dismissal Without Prejudice. (Doc. 39). The Court explicitly retained jurisdiction over the enforcement of the Settlement Agreement and stated that this "matter [would] be dismissed with prejudice if a motion to reinstate [was] not *filed* by either party prior to November 6, 2024." (Doc. 39) (emphasis added). The late Plaintiff filed his Motion to Reinstate and/or Enforce Settlement Terms/Agreement and for Fees Related to Enforcement on October 6, 2023, to which Defendants responded with their own cross-motion on October 20, 2023. (Docs. 41 & 42). Because the motions to reinstate were filed prior to November 6, 2024, the case was not dismissed with prejudice, and the Court continued to retain jurisdiction over it. Contrary to Defendants' contention, the only qualification set forth in the Court's dismissal order was the filing of a motion to reinstate prior to November 6, 2024—not the grant of the relevant motion or its pendency. Accordingly, the denial of the motions to reinstate, without prejudice and with the explicit grant of leave for their renewal following resolution of the issue of substitution, did not deprive the Court of its jurisdiction over the case.

*Timeliness of the Third Motion to Substitute Party*

The Court next turns to the issue of the timeliness of the Third Motion to Substitute Party. As set forth above, if a motion for substitution is not filed within "90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." FED. R. CIV. P. 25(a)(1) (emphasis added). Service of the statement noting death must be made in accordance with Rule 4 for nonparties. FED. R. CIV. P. 25(a)(3). Here, while Defendants filed their original Suggestion of Death on April 17, 2024, there was no proof of service of it to interested nonparties. (Doc. 52; Doc. 61, pp. 6-7). Defendants, however, thereafter complied with the requirements of Rules 4 and 25 on August 16, 2024, by personally serving Brooks, A.M.'s agent, with Plaintiff's Supplement Suggestion of Death. (Doc. 63). There is no indication that there are any other interested nonparties who have not been properly served with the Supplemental Suggestion of Death. Accordingly, the 90-day deadline for filing a motion for substitution started running on August 16, 2024. The Third Motion to Substitute Party was filed on November 15, 2024.

Defendants argue that the Third Motion to Substitute Party is untimely because it was filed on the 91st day following service of the Supplemental Suggestion of Death. Plaintiff's counsel counters that November 15, 2024, was the 90th day from the service of the Supplemental Suggestion of Death and thus the motion for substitution is timely. He relies on Rule 6(a)(1), which instructs to "exclude the day of the event that triggers the period." FED. R. CIV. P. 6(a)(1). He argues that the proper count of days is 14 days for August 17 through August 31, 30 days for September, 31 days for October, and 15 days for November 1 through November 15, which he argues total 90 days as of November 15, 2024. Defendants, on the other hand, point out that following Rule 6 and excluding August 16, the days between August 17 and August 31 are 15, not 14 as Plaintiff's counsel suggests. Defendants are correct in their counting. There are 15, not 14

6

days, between August 17 and August 31.  Accordingly, November 15, 2024, was the 91st date from the service of the Supplemental Suggestion of death on August 16, 2024.  Further, November 14, 2024, the last day for timely filing a motion for substitution was not a Saturday, Sunday, or legal holiday, which would allow for the automatic extension of the 90-day deadline to the next non-excluded day under Rule 6(a)(1)(C).  Therefore, Plaintiff's filing of the Third Motion for Substitution on November 15, 2024, was untimely by one day.

However, the Court's inquiry does not end there. Rule 6(b) "allows the Court in its discretion to permit a motion for substitution after the expiration of the 90-day time period." *Russell v. City of Milwaukee*, 338 F.3d 662, 667–68 (7th Cir. 2003) (citing *Tatterson v. Koppers Co.,* 104 F.R.D. 19, 20 (W.D.Pa.1984)).  Rule 6(b) specifically provides that the court may extend a timeframe set forth in the Rules "*on motion* made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b) (emphasis added).  The Supreme Court has clarified that the determination of "excusable neglect" is of an equitable nature and takes into consideration the totality of "relevant circumstances surrounding the party's omission." *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  Relevant factors include "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith."  *Id.* A finding of excusable neglect extends beyond situations that are outside the party's control and encompasses instances where the failure to comply with the deadline is attributable to "inadvertence, mistake, or carelessness." *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 388-391, 113 S.Ct. 1489, 123 L.Ed.2d 74).  Nonetheless, the Seventh Circuit has cautioned that  "a simple case of miscalculation" of a deadline generally is "not a sufficient reason to extend time." *Id.*

7

(quoting *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir.2005) (internal quotation marks omitted)); *see also Anderson v. LaSalle Steel Co.*, No. 2:07 CV 169, 2009 WL 857511, at *6 (N.D. Ind. Mar. 31, 2009) (citing *Pioneer,* 507 U.S. at 392 ("[I]gnorance of the rules ... does not usually constitute excusable neglect.")); *Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 133 (7th Cir.1996) (explaining that failing to read or comprehend applicable rules is an "unaccountable lapse" and not excusable neglect); *but see Crue v. Aiken,* 370 F.3d 668, 681 (7th Cir.2004) (upholding a district court's grant of an extension based on "excusable neglect" when an attorney simply miscalculated a thirty-day filing period by one day).

Here, the one-day delay is undoubtedly short, and it is unlikely that it has prejudiced Defendants. On the other hand, Brooks has received actual notice of the late Plaintiff's death at least since June 13, 2024, when the Second Motion to Substitute Party was filed. Brooks and Plaintiff's counsel have also been aware since July 22, 2024, when the Court denied the Second Motion to Substitute Party, that Brooks' substitution in her capacity as A.M.'s agent on the sole basis of his kinship with the late Plaintiff was not appropriate under the Seventh Circuit's jurisprudence. Brooks could have sought to be appointed representative of Forbus' Estate at least since July 22, 2024, yet failed to do so until November 14, 2024, the last day for filing a motion for substitution. She could have attempted to file a motion for substitution on that same day, but she did not do so until the day after the 90-day deadline had expired. Based on the totality of circumstances, the Court does not believe that this situation amounts to excusable neglect that would justify an extension of the 90-day deadline under Rule 6.

In any case, however, the Court can only extend a deadline that has already expired on the basis of excusable neglect upon a proper motion by the party. FED. R. CIV. P. 6(b)(1)(B). Here, six months have passed since the expiration of the 90-day deadline for substitution, and none has

8

moved or even argued for an extension of time due to excusable neglect. Rather, Plaintiff's sole line of defense is the misinterpretation of Rule 6(a)(1) and the miscalculation of the 90-day timeframe, which, in any case, are insufficient to establish "excusable neglect." *See Lewis*, 523 F.3d at 740 (quoting *Marquez*, 424 F.3d at 541) ("a simple case of miscalculation" of a deadline generally is "not a sufficient reason to extend time")). In the absence of a relevant motion, the Court lacks authority under Rule 6 to extend the 90-day deadline for the filing of a motion for substitution.

The Court further finds it appropriate to deny the Third Motion to Substitute Party on one additional ground. In denying the Second Motion to Substitute Party, the Court relied on jurisprudence within the Seventh Circuit, allowing substitution of the decedent party's relatives only where the estate had already been fully distributed so as to avoid re-opening of the probate case. *See Atkins*, 547 F. 3d at 872 ("motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them); *Cole*, No. 06 C 4704, 2009 WL 10737897, at *5 (noting that the Seventh Circuit has been inclined to allow substitution of an distributee of a deceased party's estate "if the estate has been distributed at the time that the motion for substitution is made"); *Taylor*, No. 97 C 0720, 2000 WL 876920, at *6 (same). Because Brooks' sole basis for substitution was the kinship between A.M. and the late Plaintiff, the Court denied substitution.

In the Third Motion to Substitute Party, Brooks again seeks substitution of Brooks in her capacity as an agent for A.M. The motion further states that a probate case has been opened for the late Plaintiff's Estate, and Brooks has been appointed as the representative. (Doc. 64-1). However, there is no indication that Brooks has been appointed a representative of Forbus' Estate in her capacity as A.M.'s agent, as opposed to her individual capacity. (Doc. 64-1). Accordingly,

while substitution of Brooks in her capacity as the representative of Forbus' estate would be proper, the Court doubts that substitution of Brooks, in her capacity as A.M.'s agent, would be appropriate under the Seventh Circuit's relevant jurisprudence.

## Conclusion

For the reasons set forth above, Plaintiff's Third Motion to Substitute Party (Doc. 64) is **DENIED**. Defendants' Motion to Dismiss (Doc. 65) is **GRANTED**. This case is **DISMISSED,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 22, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**